(Republished)

■ HERMAN SIEGELSON, Respondent, v. ELLIOTT DANN et al., Appellants, et al., Defendant.— Order, Supreme Court, New York County, entered on November 4, 1971, unanimously reversed insofar as appealed from, on the law, the motion of plaintiff-respondent to stay arbitration denied, and the cross motion of defendants-appellants insofar as it seeks to compel arbitration and to stay the action between the parties, granted, without prejudice to a cross motion by defendants, if they are so advised, to assert for consideration at the arbitration those matters set forth in the complaint in the action hereby stayed. Defendants-appellants shall recover of respondent $30 costs and disbursements of this appeal. The parties entered into a joint venture agreement in April, 1961, followed by others in June, 1961, March, 1962, and November, 1962; each except the second contained an arbitration clause; the last three incorporated by reference all the provisions of each earlier contract. Special Term struck five of the six items set forth in the notice of arbitration on the theory that each contract was mutually exclusive of the others as to arbitrable subject matter. To the contrary, we interpret the contracts as one whole agreement, constructed in stages to correspond with new developments in the relationship of the parties. All of the subjects set forth in the notice — though some may be inartistically stated — fall within the ambit of the resultant broad arbitration agreement. Indeed, the area available for arbitration is sufficiently wide to permit this disposition to be without prejudice to a cross motion by defendants, if they are so advised, to assert for consideration at the arbitration those matters set forth in the complaint in the action hereby stayed. Concur — Markewich, J. P., Nunez, Murphy, Steuer and Capozzoli, JJ. [38 A D 2d 814.]